**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Peter CHONG, a.k.a. Chong**
**Bing—Keung; a.k.a. Uncle,**
**Defendant—Appellant.**

**No. 06–10100.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2007.

Filed July 06, 2007.

Ste. 340S, USO–Office of the U.S. Attorney, Oakland, CA, Barbara J. Valliere,

Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Alan P. Caplan, Esq., Law Offices of Alan P. Caplan, William L. Osterhoudt, Esq., Law Offices of William L. Osterhoudt, San Francisco, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, CANBY and FERNANDEZ, Circuit Judges.

### MEMORANDUM *

Peter Chong appeals the sentence imposed following his convictions for participating in a Racketeer Influenced and Corrupt Organization (RICO), 18 U.S.C. § 1962(c), a RICO conspiracy, 18 U.S.C. § 1962(d), and various extortion counts, 18 U.S.C. §§ 892, 894, 1951. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

■ We reject Chong's argument that the district court violated his due process rights by considering conduct underlying the acquitted murder-for-hire count during its analysis of 18 U.S.C. § 3553(a) sentencing factors. "[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying [an] acquitted charge...." *United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *United States v. Mercado,* 474 F.3d 654, 657 (9th Cir.2007) (concluding that the "core principle of *Watts*" was unaltered by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d

621 (2005), and the creation of advisory guidelines).

■ Likewise, we reject Chong's only remaining contention that the sentence imposed was substantively unreasonable. During re-sentencing, the district court clearly articulated on the record that Chong's involvement in the acquitted murder-for-hire plot was the basis for its decision to impose an above-Guidelines sentence on the remaining convictions. In light of the facts of this case, including our observation in *United States v. Chong,* 419 F.3d 1076, 1081 (9th Cir.2005), that "the evidence adduced was sufficient to establish that Chong caused the murder-for-hire of Bike Ming," we conclude that a sentence of 138 months (41 months above the advisory Guidelines range) was not unreasonable. *See United States v. Mohamed,* 459 F.3d 979, 989 (9th Cir.2006) (approving an above-Guidelines sentence where the district court properly determined that the Guidelines did not accurately reflect the seriousness of the defendant's crime).

Accordingly, we **AFFIRM** Chong's sentence.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.